**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4448**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

WENDELL RAYNALD COX, JR.,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:14-cr-00012-WDQ-1)

———————

Submitted: March 29, 2016          Decided: March 31, 2016

———————

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Julie L.B. Johnson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Matthew K. Hoff, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Raynald Cox, Jr., appeals from the 120-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm. On appeal, Cox contends that his sentence is procedurally unreasonable because the district court did not review documents approved under Shephard v. United States, 544 U.S. 13, 17 (2005), in determining that Cox qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012) ("ACCA"). He also argues that the Fifth and Sixth Amendments prohibit a judge from increasing a statutory maximum sentence when the fact of convictions necessary to increase the sentence are not in the indictment or submitted to a jury. We affirm.

The Presentence Report stated that Cox qualified for increased penalties under the ACCA. The PSR identified the three qualifying predicate convictions as Maryland state convictions for distribution of heroin, conspiracy to distribute heroin, and possession with intent to distribute cocaine. Cox did not file an objection to this designation and he did not object to it at sentencing. He also did not raise the constitutional challenge to the ACCA designation. We therefore review these issues for plain error. United States v. Price, 777 F.3d 700, 711 (4th Cir.), cert. denied, 135 S. Ct. 2911 (2015).

2

To satisfy plain-error review, Cox must show "that (1) an error was committed, (2) the error was plain, and (3) the error affected [his] substantial rights." Id. (internal quotation marks omitted). An error is plain if, "at the time of appellate consideration, . . . the settled law of the Supreme Court or this circuit establishes that an error has occurred." United States v. Ramirez-Castillo, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks omitted). However, even if Cox makes the requisite showing, correction of the error lies within this court's discretion, which it exercises only if "the error seriously affected the fairness, integrity or public reputation of judicial proceedings." Price, 777 F.3d at 711 (brackets and internal quotation marks omitted).

We have thoroughly reviewed the record, the PSR materials and response, the sentencing transcript and the parties' arguments. We do not ascertain plain error in the district court's designation of Cox as an armed career criminal. In addition, Cox's argument that imposing the ACCA designation without facts of conviction being decided beyond a reasonable doubt is in violation of the Fifth and Sixth Amendments, is also patently meritless. See Descamps v. United States, 133 S. Ct. 2276, 2288 (2013) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

3

proved beyond a reasonable doubt.") (emphasis added); Almendarez-Torres v. United States, 523 U.S. 224 (1998) (a sentencing court may rely on the fact of a prior conviction that has not been submitted to a jury and proven beyond a reasonable doubt to enhance a defendant's sentence).

Accordingly, we affirm Cox's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED